DJW/2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**WILLIAM M. EDWARDS,**

                    **Plaintiff,**

**v.**

                                        **Case No: 07-2550-KHV-DJW**

**U.S. OFFICE OF PERSONNEL**
**MANAGEMENT,**

                    **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion for reconsideration (doc. 20). Plaintiff is proceeding in this matter *pro se*. After the Court entered its Order (doc. 19) denying Plaintiff's Motion for an Order Lifting the Stay and Motion to Amend its Complaint (doc. 12) and granting Defendant's Second Motion to Stay Proceedings Pending Completion of the Administrative Process (doc. 14), Plaintiff wrote a letter to the Court asking the Court to reconsider its Order. The Court deemed the letter to be a motion for reconsideration. The motion for reconsideration has been fully briefed and is now ripe for decision. The Court has reviewed the motion to reconsider and all relevant pleadings and, for the reasons set forth below, the Court will deny Plaintiff's motion to reconsider.

## I.    BACKGROUND

Plaintiff alleges that on July 16, 2007, he contacted Defendant and made a request pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and pursuant to the Privacy Act, 5 U.S.C. §

552a.[1]  Plaintiff further alleges that Defendant failed to timely respond to his request, therefore exhausting Plaintiff's administrative remedies and giving this Court jurisdiction.[2]   Plaintiff also claims that on August 30, 2007, he contacted Defendant and submitted a second request pursuant to the Freedom of Information Act.[3]  Plaintiff alleges that Defendant failed to timely respond to his second request, thereby exhausting his administrative remedies and giving this Court jurisdiction.[4]

On February 14, 2008, Defendant moved to stay the case until the conclusion of Plaintiff's recently filed administrative appeals, and requested that the Court extend Defendant's time to answer or otherwise respond to the Complaint to March 17, 2008.[5]  Plaintiff consented to this motion, which the Court granted.[6]

Then, on March 14, 2008, Defendant filed its Unopposed First Amended Motion to Stay Proceeding Pending Plaintiff's Administrative Appeal (doc. 9), asking the Court to stay the case until May 16, 2008, because its original belief that Plaintiff's administrative appeal would be concluded by March 17, 2008 was incorrect.[7]  In support of its request, Defendant explained that it received Plaintiff's administrative appeal on February 21, 2008, and Defendant's response to this

---

[1] *See* Compl. (doc. 1), at ¶ 3.

[2] *See* Compl., at ¶¶ 5-10.

[3] *See* Compl., at ¶ 11.

[4] *See* Compl., at ¶¶ 12 and 13.

[5] *See* Mot. to Stay Proceeding Pending Pl.'s Admin. Appeal (doc. 7).

[6] *See id.*, at ¶ 8; *see also* Order Granting Doc. 7 Mot. to Stay Case (doc. 8).

[7] *See* Unopposed First Am. Mot. to Stay Proceeding Pending Pl.'s Admin. Appeal (doc. 9), at 1.

appeal was due March 20, 2008.[8]    According to Defendant, although the earliest date the administrative appeal process could conclude would be March 20, 2008, Defendant needed to further extend the stay of the proceeding before the Court because its "March 20, 2008 administrative response to [Plaintiff's] appeal may not conclude the administrative appellate review process, because, depending upon the response, the administrative process may entail additional administrative proceedings."[9]  Defendant further argued that Plaintiff would then need additional time to consider whether to dismiss this action or to amend his Complaint to include additional allegations.[10]  At the time this motion was filed, Plaintiff had no objections.[11]  The Court granted the motion, thereby extending the stay of this case for an additional 60 days and extending Defendant's time to answer or otherwise respond to the Complaint to May 16, 2008.[12]

Plaintiff then filed his Motion for an Order Lifting the Stay and Motion to Amend its Complaint (doc. 12) on April 15, 2008, approximately one month before the stay was to be lifted and Defendant's answer or response to the Complaint was due.  Plaintiff claimed that since receiving the stay until May 16, 2008, Defendant failed to properly process Plaintiff's appeals.[13]  Plaintiff

---

[8] *See id.*, at ¶ 7.

[9] *Id.*, at ¶ 9.

[10] *See id.*, at ¶ 10.

[11] *See id.*, at ¶ 13.

[12] *See* Order Granting Doc. 9 Mot. to Stay Case (doc. 10).

[13] *See* Pl.'s Mot. for an Order Lifting the Stay and Mot. to Amend its Compl. (doc. 12), at 1.

requested that the Court lift the stay to permit Plaintiff to file his amended complaint.[14]   While Plaintiff's motion to lift the stay was pending, Defendant filed its Second Motion to Stay Proceeding Pending Completion of the Administrative Process (doc. 14).  Defendant asked the Court to continue the stay of the proceeding before the Court to allow the completion of the ongoing administrative process.[15]

After reviewing both motions and the related pleadings, the Court granted Defendant's request to extend the stay of the proceeding before the Court pending completion of the administrative process and denied Plaintiff's motion to lift the stay and amend his complaint.[16]

Plaintiff now seeks reconsideration of this Order (doc. 19).  Plaintiff requests that the Court end the stay or modify the stay to provide a specific deadline when the stay will be lifted.[17]   In support of his motion to reconsider, Plaintiff appears to argue that new evidence and the need to correct clear error or prevent manifest injustice require reconsideration.  Plaintiff claims that Defendant has continued to delay the administrative process, that new evidence shows Defendant has a pattern or practice of such behavior, and that the law does not support staying Freedom of Information Act cases simply to allow for extra briefing time, but rather requires a showing of "exceptional circumstances" in order to allow a stay of the proceedings.[18]

---

[14] *See id.*

[15] *See* United States' Second Mot. to Stay Proceeding Pending Completion of the Admin. Process (doc. 14), at 1.

[16] *See* Order (doc. 19).

[17] *See* Pl.'s Mot. for Reconsideration (doc. 20).

[18] *See id.*, *see also* Pl.'s Reply to Def.'s Response to Pl.'s Mot. for Reconsideration (doc. 23).

## II.      STANDARD

Although the Federal Rules of Civil Procedure do not provide for motions for reconsideration,[19] the District of Kansas has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.   Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[20]

> A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence.[21]

"The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice."[22]

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that

---

[19] *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

[20] *See Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[21] *Doerge v. Crum's Enters., Inc.,* No. 05-1019-JTM, 2007 WL 1202450, at *1 (D. Kan. Apr. 23, 2007) (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1989)).

[22] *Classic Communc'ns, Inc. v. Rural Tel. Svc., Co.,* 180 F.R.D. 397, 399 (D. Kan. 1998) (citations and quotations omitted).

could have been presented originally.[23]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[24]  Improper use of motions to reconsider "can waste judicial resources and obstruct the efficient administration of justice."[25] Reconsideration may, however, be "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[26]

## III.   ANALYSIS

The Court has reviewed all relevant pleadings and finds that Plaintiff has failed to show that the Court should reconsider its Order (doc. 19).  First, Plaintiff has not identified an intervening change in controlling law that would require reconsideration.

Second, Plaintiff has not identified any new evidence that would require the Court to reconsider its Order.  Plaintiff alleges factual events which allegedly prolonged the processing of his requests to Defendant under the Freedom of Information Act, including Defendant's alleged failure to timely and completely issue a decision regarding the fee conferral process, and Defendant's alleged pattern or practice of failing to timely respond to similar requests made by other individuals under the Freedom of Information Act.[27]  Plaintiff previously alleged, and the Court already considered before issuing its Order, substantially similar allegations concerning Defendant's

---

[23] *See Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[24] *Steinert v. Winn Group, Inc.*, No. Civ. A. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003) (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[25] *RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[26]*Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

[27] *See* Pl.'s Mot. for Reconsideration (doc. 20), at 1.

alleged delays in completing the administrative process.  Plaintiff, through his motion to reconsider, essentially seeks a second chance to have the Court review the same and similar arguments and allegations concerning Defendant's alleged delay of the administrative process.  The Court will not reconsider its Order based on these same arguments and allegations.  The Court finds that Plaintiff has not met his burden to show new evidence that requires reconsideration of its Order.

Third, Plaintiff has not shown that the Court must reconsider its Order to correct clear error or prevent manifest injustice.  Plaintiff claims that Defendant must show "exceptional circumstances" under 5 U.S.C. § 552(a)(6)(C)(i) in order to stay the proceeding before this Court.  Plaintiff previously made this argument to the Court in his Motion for an Order Lifting the Stay and Motion to Amend its Complaint (doc. 12), which the Court took into consideration before entering its Order.  The Court remains unpersuaded by this argument.  Plaintiff's reliance on 5 U.S.C. § 552(a)(6)(C)(i) is misplaced.  Under 5 U.S.C. § 552(a)(6)(C)(i), the Court may retain jurisdiction of a case and allow the agency responding to the request additional time to complete its review of the records if the agency can show "exceptional circumstances" and that the agency is exercising due diligence in responding the request.  However,  Defendant has not asked for, and this Court has not granted, any additional time to complete Defendant's review of the records or additional time to complete the administrative process.  Rather, Defendant has asked for, and the Court has granted, a stay of the proceeding before this Court while the administrative process is completed.  Nothing in 5 U.S.C. § 552(a)(6)(C)(i) requires Defendant to show "exceptional circumstances" in order to obtain a stay of the proceeding before this Court.  The Court finds that Plaintiff has not met his burden to show a need to correct clear error or prevent manifest injustice.

**IV.     CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff has failed to meet his burden to show any intervening change in controlling law, new evidence, or a need to correct clear error or prevent manifest injustice that would require the Court to reconsider its Order (doc. 19). Thus, the Court declines to reconsider its Order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider (doc. 20) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 26th day of September 2008.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties